FILED

2011 Sep-09  PM 02:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **TECVOX OEM SOLUTIONS, LLC, AN ALABAMA LIMITED LIABILITY COMPANY, AND RAJ KHANIJOW, ITS MANAGING MEMBER,** | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Number **5:11-cv-02613-AKK** |
| **v.** | ) ) | |
| **FAHD AHMED,** | ) ) | |
| Defendant. | ) ) | |

## ORDER AND MEMORANDUM OPINION

Before the court is Plaintiffs Tecvox OEM Solutions, LLC's ("Tecvox") and

Raj Khanijow's ("Khanijow") (collectively, "Plaintiffs") Motion to Remand.  Doc.

6.  Defendant Fahd Ahmed ("Ahmed" or "Defendant") has responded, doc. 11,

and this matter is now ripe for consideration.  Because Defendant has not shown

that complete diversity exists, the court **GRANTS** Plaintiffs' motion and

**REMANDS** this action to the Circuit Court of Madison County, Alabama for

further consideration.

### I.  STANDARD OF REVIEW ON MOTION TO REMAND

Federal courts are courts of limited jurisdiction, with the power to hear only

cases authorized by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994).  By federal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A party seeking removal bears the burden of establishing that jurisdictional requirements are met.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1207 (11th Cir. 2007).  "[F]ederal courts are directed to construe removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

## II.  PROCEDURAL HISTORY

On April 28, 2011, Ahmed, a resident citizen of Wayne County, Michigan, filed an action in the United States District Court for the Eastern District of Michigan, styled *Fahd Ahmed v. Raj P. Khanijow, et al.*, Case No. 2:11-cv-11887 ("the Michigan Action"), against Tecvox, a limited liability company specializing in the automotive supply business with its principal place of business in Huntsville, Alabama, and Khanijow, Tecvox's managing member and a resident citizen of Madison County, Alabama.  *See* Doc. 1, at p. 20-42 (Exhibit 3 to Notice of Removal).  In the Michigan Action, Ahmed alleged that Khanijow executed a

stock option agreement whereby he gave Ahmed the option to purchase a forty-nine percent (49%) ownership interest in Tecvox. *Id.* at ¶¶ 39-44.  Ahmed further alleged that he properly exercised his rights under the option agreement, thus making him an owner and member of Tecvox, *id.* at ¶¶ 58-70, but that Khanijow subsequently breached the option agreement by failing to acknowledge Ahmed's membership status and failing to provide Ahmed with any benefits associated with his 49% membership interest in Tecvox. *Id.* at ¶¶ 71-77.  Ahmed asserted causes of action for breach of contract, oppression, dilution and squeeze out of a minority member by a majority member, fraud, breach of fiduciary duty, dissolution of Tecvox, unjust enrichment, promissory estoppel, accounting and inspection, and declaratory relief. *Id.* at ¶¶ 78-134.  Despite repeatedly asserting that he is a member of Tecvox and demanding relief based on his status as a Tecvox member, Ahmed claimed that federal jurisdiction was proper based on diversity of citizenship because Khanijow purported to be the only member of Tecvox, and thus Tecvox was considered only a resident of the state of Alabama for diversity jurisdiction purposes. *Id.* at ¶ 4.

Tecvox disagreed and filed a motion to dismiss the Michigan Action due to lack of diversity of citizenship of the parties.  Doc. 7-2.  Tecvox argued that under Sixth Circuit law, a limited liability company has the citizenship of each of its

members.  Therefore, Tecvox claimed Ahmed, the plaintiff and an alleged member

of Tecvox by his own allegations, was a citizen of Michigan, thus making Tecvox

also a citizen of Michigan, and destroying complete diversity.  *See id.*

On June 3, 2011, while the motion to dismiss the Michigan Action was still

pending, Tecvox and Khanijow filed a complaint for declaratory judgment in the

Circuit Court of Madison County, Alabama, styled *Tecvox OEM Solutions, LLC,*

*et al. v. Ahmed*, Case No. CV-2011-565, seeking a judicial declaration of the

parties' ownership rights in Tecvox.  Doc. 1, at 10-14 (Exhibit 1 to Notice of

Removal).  Among other things, Tecvox and Khanijow seek a ruling that (a)

Ahmed failed to properly exercise his rights under the option agreement, (b)

Ahmed does not hold any ownership interest in Tecvox, and (c) Khanijow remains

the one hundred percent (100%) owner of Tecvox.  *Id.* at ¶ 15.

On July 19, 2011, Ahmed removed the declaratory judgment action to this

court pursuant to 28 U.S.C. § 1332, based upon the alleged complete diversity of

citizenship between Khanijow, Tecvox, and Ahmed.  Doc. 1.  In support of his

Notice of Removal, Ahmed points to Khanijow's claim to be the "sole owner and

managing member of Tecvox," a statement Khanijow made in a declaration

submitted in the Michigan Action.  Doc. 1 ¶ 3 and at 16 ¶ 3 (Exhibit 2 to Notice of

Removal).  However, Ahmed also repeatedly refers to the Michigan Action in his

Notice of Removal, asserting that this action involves "the exact same parties and

centers on precisely the same subject matter," and even includes his complaint in

the Michigan Action as an exhibit to his removal notice.  Doc. 1 ¶ 7 and ex. 3.

Moreover, to support his argument that he satisfies the amount in controversy, he

further admits in his removal notice that he is asserting an ownership stake in

Tecvox.  Doc. 1 ¶ 12 (stating that in the Michigan Action "Ahmed seeks damages

in excess of $75,000, including an award requiring Plaintiffs to redeem Ahmed's

forty-nine percent (49%) ownership stake in Tecvox at its full and fair market

value.").

On August 15, 2011, the United States District Court for the Eastern District

of Michigan dismissed the Michigan Action due to lack of complete diversity of

citizenship.  Doc. 7-1.  The district court first noted that because Tecvox and

Khanijow made a facial attack on Ahmed's complaint, the court was prohibited

from considering evidence outside of the complaint and further, that it was

required to take the allegations in the complaint as true.  *Id.* at p. 8.  The district

court then found that Ahmed stated at least eleven times in his complaint that he is

a member of Tecvox and that Ahmed premised seven of his nine causes of action

on his membership status in Tecvox.  *Id.* at p. 8-10.  As such, the district court

held that "[b]ecause Plaintiff has not established that he is not a member of

Tecvox, the Court finds that his Complaint insufficiently alleges complete

diversity and the Court must dismiss this case without prejudice." *Id.* at p. 10.

Three days later, on August 18, Tecvox and Khanijow filed the instant

Motion to Remand this action to the Circuit Court of Madison County, Alabama,

asserting that complete diversity does not exist in light of Ahmed's contentions in

the Michigan Action that he is a member of Tecvox.  Doc. 6.

## III.  ANALYSIS

Because Tecvox and Khanijow challenge federal jurisdiction in their motion

to remand, Ahmed, as the removing party, bears the burden of establishing

jurisdiction.  *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287

n.4 (11th Cir. 1998) ("[T]he removing party bears the burden of demonstrating

federal jurisdiction."); *Ray v. Bird & Son & Asset Realization Co.*, 519 F.2d 1081,

1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the

party invoking federal jurisdiction and if jurisdiction is properly challenged, that

party also bears the burden of proof.").  In that regard, in the Notice of Removal,

Ahmed asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1332 due to

complete diversity of citizenship between the parties.  Doc. 1 ¶ 5.  For the reasons

that follow, this court disagrees.

The statute governing diversity jurisdiction establishes that "[t]he district

courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs,

and is between (1) citizens of different States . . . ."  28 U.S.C. § 1332(a).[1]  The

law is clear that § 1332 requires complete diversity, meaning that no plaintiff may

be a citizen of the same state as any defendant.  *See Henderson v. Washington*

*Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (noting the complete

diversity requirement).  Further, "[c]itizenship for diversity purposes is determined

at the time the suit is filed."  *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234,

1239 (11th Cir. 2005).  A natural person is a citizen of the state of his domicile.

28 U.S.C. § 1332(a)(1).  And, in the Eleventh Circuit, as in the Sixth Circuit, "a

limited liability company is a citizen of any state of which a member of the

company is a citizen."  *Rolling Green MHP, LP v. Comcast SCH Holdings, LLC*,

374 F.3d 1020, 1022 (11th Cir. 2004).

    The parties do not dispute that Ahmed is a citizen of Michigan, Khanijow is

a citizen of Alabama, and Tecvox is a citizen of Alabama.  However, the burden is

on Ahmed to prove that at the time Plaintiffs filed this action, he was not a

member of Tecvox because if he is a member of Tecvox, then Tecvox is a citizen

of both Alabama and Michigan and complete diversity would not exist.  In that

---

[1]Tecvox and Khanijow do not dispute that the amount in controversy is met.

case, the court would not have subject matter jurisdiction. *See Reid v. The Wailers*, 606 F. Supp. 2d 627, 630 (E.D. Va. 2009) (recognizing that where a member of an LLC sues other members and the LLC, that member's citizenship will be taken into account for purposes of determining the LLC's membership, and holding that since defendants have not adequately shown that plaintiff was not a member of the LLC, complete diversity is lacking).

Ahmed's own contentions aid the court in resolving this dispute. Critically, at the time Plaintiffs filed this action, Ahmed was asserting simultaneously in the Michigan Action that he is a member of Tecvox. Moreover, none of the allegations in his Notice of Removal establish that he is not a member of Tecvox. In fact, Ahmed references directly the Michigan Action in the Notice of Removal as one that involves "the exact same parties and centers on precisely the same subject matter" as this action. Doc. 1 ¶ 7. Furthermore, Ahmed confirms in the removal notice that he "seeks damages in excess of $75,000, including an award requiring Plaintiffs to redeem Ahmed's forty-nine percent ownership stake in Tecvox at its full and fair market value" in the Michigan Action. Doc. 1 ¶ 12. In other words, as he did in the Michigan Action, Ahmed contends in his Notice of Removal that he is a member of Tecvox.

Incredibly, despite contending that he is a member of Tecvox, Ahmed

argues nonetheless in opposition to remand that this court should overlook this

fact and its obvious impact on jurisdiction and focus instead solely on Plaintiffs'

contentions.  Specifically, Ahmed asserts that unlike in the Michigan Action,

where Tecvox and Khanijow made a facial attack on his complaint and the district

court was thus confined to considering only his complaint and taking those

allegations as true, here, this court can consider evidence that is outside the

removal petition.  As such, Ahmed argues that this court should focus solely on

Tecvox and Khanijow's state court declaratory judgment complaint and

Khanijow's sworn declaration in Michigan that he is the sole owner and managing

member of Tecvox, in ascertaining whether complete diversity exists.  Doc. 11 at

4-5.

   While the court may consider other relevant evidence in deciding if

complete diversity exists, this does not relieve Ahmed, as the party seeking

removal, of his burden of showing the existence of complete diversity.  Yet,

Ahmed attempts to shirk his burden of proving to this court that he is not a

member of Tecvox by attempting to persuade the court throughout his response

brief that it should focus solely on Plaintiffs' state court pleadings, and further,

take as true their position that Khanijow is the sole owner of Tecvox:  "Plaintiffs'

complaint, not Ahmed's Complaint in the Michigan Action, is the focus of the

jurisdictional issue before the Court.", doc. 11 at 11; "[C]hief among [the reasons

why the court should retain this action is] Khanjijow's sworn declaration that he is

the sole own of Tecvox, and the voluminous jurisdictional facts asserted in his

complaint.", *id.* at 13-14; "In considering whether removal was proper, the Court

should base its determination on Plaintiffs' pleadings at the time of removal, but

may also consider affidavits and other evidence submitted by the parties.", *id.* at 5;

"The record contains ample support for Ahmed's removal petition, starting with

the allegation in Plaintiffs' state court complaint – allegations the Court must

accept as true."; *id.* at 4.

Ahmed's argument obfuscates the burden of asserting federal jurisdiction.

Here, since Tecvox and Khanijow properly filed their complaint in Madison

County Circuit Court, they had absolutely no duty to allege the existence of

federal jurisdiction. *See Reid*, 606 F. Supp. 2d at 630; *see also Cagle v. Norman*,

2007 WL 4105973, at *1 n.1 (S.D. Ala. Nov. 16, 2007) (noting in dicta that a

plaintiff's allegations in its state court complaint as to the citizenship of defendant

are not sufficient, standing alone, to carry defendant's burden on proving diversity

jurisdiction and noting, "[t]he weight afforded to a plaintiff's allegation as to a fact

within the bosom of the defendant, not the plaintiff, cannot be much."). Indeed,

the court acknowledges that Plaintiffs' Complaint alleges that Khanijow is the sole

owner and member of Tecvox. But Ahmed's allegations in his Notice of Removal, and any arguments or evidence in support thereof, are what matter in the resolution of the motion to remand because the court cannot ignore them as Ahmed wants so that it can retain jurisdiction over this matter.

Turning now to Ahmed's specific arguments, the court notes that in response to the fact that he admitted in his Notice of Removal that he is seeking relief as a 49% owner of Tecvox, Ahmed now states that *presently*, Khanijow is the sole owner of the company, and that he is not *currently* a member of Tecvox and will not become a member until a court ruling in his favor. Moreover, he contends that Plaintiffs' focus on his failure to sufficiently allege diversity jurisdiction in the Michigan Action is misguided because it is "a separate complaint filed in a separate court—a pleading that is not even before this Court," doc. 11 at 14. This contention defies logic and common sense given Ahmed's assertion throughout his complaint in the Michigan Action that he became a member of Tecvox when he exercised his option rights. Significantly, he made the Michigan complaint a part of this case when he attached it to support his Notice of Removal and referred to it as containing precisely the same subject matter. In light of Ahmed's contentions in the Michigan Action, which he incorporated into his Notice of Removal, this court would have to suspend logic and common sense

to find that Ahmed's assertions about his ownership and membership rights in

Tecvox are irrelevant here.  The court simply cannot do so solely so that it can

grant Ahmed the relief he seeks, i.e., denial of the motion to remand.  *See Roe v.*

*Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (federal

courts are permitted to "use their judicial experience and common sense" in

determining whether a case meets federal jurisdictional requirements).

Ahmed's final argument is that because Plaintiffs' jurisdictional challenge

implicates the merits of their claim for declaratory relief, the court must assume

jurisdiction over the claim and proceed to the merits.  Ahmed asserts further that

"[i]f this court decides that it does not have diversity jurisdiction to hear this case,

then the court necessarily will have determined that Ahmed is a member of

Tecvox." Doc. 11 at 13.  This argument is also without merit because a

determination that diversity jurisdiction does not exist means only that Ahmed has

not met his burden on removal of proving that his citizenship is completely diverse

from that of Plaintiffs, and nothing more.  *See Univ. of S. Ala. v. Am. Tobacco Co.*,

168 F.3d 405, 411 (11th Cir. 1999) ("[F]ederal courts are directed to construe

removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in

favor of remand to state court.").  Whether Ahmed is a member of Tecvox is a

question for the Circuit Court of Madison County, Alabama to resolve.

## IV.  CONCLUSION

In order to invoke federal jurisdiction over this case, complete diversity must exist.  In other words, Ahmed must establish that he was not a member of Tecvox at the time Plaintiffs filed this action.  Here, none of Ahmed's contentions in his Notice of Removal or in his response brief establishes this fact.  Instead, because Ahmed alleges that he is a member of Tecvox, Tecvox is considered a citizen of both Alabama and Michigan.  As such, the court finds that Ahmed's Notice of Removal incorrectly alleges complete diversity.[2]  Accordingly, the court **GRANTS** Plaintiffs' motion and **REMANDS** this case to the Circuit Court of Madison County, Alabama.  Defendant's Motion to Dismiss is **MOOT**.  Doc. 2.

Done the 9th day of September, 2011.

_____
        **ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2]Plaintiffs argue also that the district court's findings in the Michigan Action have preclusive effect in this action under the collateral estoppel, or issue preclusion, doctrine, and that this court should decline to reconsider Ahmed's assertion that complete diversity exists between he and Tecvox.  The court need not determine whether the ruling in the Michigan Action has preclusive effect here because of its finding that it lacks subject matter jurisdiction.